# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JEFFERY H. BRISTER,**                                                                  **PETITIONER**
**ADC #086211**

VS.                         No. 4:22-CV-01141-BRW-ERE

**DEXTER PAYNE, Director of the Arkansas**
**Division of Correction**                                                                **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**I.    Summary**

In November 2022, Petitioner Jeffery Brister filed a § 2254 habeas petition challenging his 2004 state-court conviction pursuant to a guilty plea. For the reasons explained below, his petition should be dismissed as time-barred.

## II.    Background

In September 2004, Mr. Brister appeared in Pulaski County Circuit Court and pleaded guilty several charges pending against him in six separate cases. He pleaded guilty to robbery (three counts), aggravated robbery (two counts), residential burglary (two counts), theft of property (three counts), and second-degree battery (one count). *Doc. 8-17*. He was sentenced to thirty-five years in prison, to run consecutively with a term of imprisonment previously imposed for a Mississippi County, Arkansas conviction. *Id.*

Mr. Brister did not appeal any of his convictions. He filed a Rule 37 petition related to all six cases, but it was dismissed as untimely, since it was filed, apparently, ten years after the judgments were entered in the cases. *Doc. 8-17*.

In his § 2254 habeas petition, Mr. Brister focuses solely on his conviction in Pulaski County Case No. CR-2004-1706. There, the State charged four crimes: kidnapping (Count 1); aggravated robbery (Count 2); residential burglary (Count 3); and terroristic threatening (Count 4). *Doc. 8-3*. Mr. Brister pleaded guilty to Counts 2 and 3 and the State *nolle prossed* Counts 1 and 4. *Doc. 8-2 at 4, 9-13*.

During the plea colloquy and when announcing Mr. Brister's sentence from the bench, the court referenced Count 1, rather than Count 2. *Doc. 8-2 at 10, 34*. Based on this misstatement, Mr. Brister argues that his conviction is invalid because he was sentenced on the "wrong count." *Doc. 1 at 5, 7*. He alleges the mistake

resulted in a due process violation, makes his sentence illegal, and renders him "actually innocent."

Respondent argues that Mr. Brister's habeas petition is time-barred, procedurally defaulted, and meritless. *Doc. 8 at 5, 7, 9.* On March 6, 2023, Mr. Brister filed a reply, reiterating that he is innocent of Count 1. *Doc. 10.*

The petition is now ripe for review.

**III. Discussion – Mr. Brister's Habeas Claim is Time-Barred.**

Generally, a prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state "judgment of conviction becomes final." 28 U.S.C. § 2244(d)(1)(A). Following a guilty plea, the "judgment of conviction becomes final" thirty days after the entry of his judgment of conviction. Ark. R. App. P. Crim. 2(a)(1); *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015).

Mr. Brister pleaded guilty on September 24, 2004. *Doc. 8-2.* On October 5, 2004, the trial court entered the judgment and commitment order. *Doc. 8-3.* Thirty days later, on Thursday, November 4, 2004, the conviction became final. Absent any applicable periods for statutory or equitable tolling, Mr. Brister had one year from that date – until November 4, 2005 – to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A).

Because Mr. Brister did not file a Rule 37 petition before the one-year limitations period expired, he is not entitled to statutory tolling. 28 U.S.C. § 2244(d)(2) (the one-year limitations period is tolled while a "properly filed" Rule 37 petition for post-conviction relief is pending in state court). Accordingly, this petition is time-barred unless Mr. Brister can establish: (1) a legal basis for equitably tolling the one-year limitations period; or (2) his "actual innocence."

### A. Equitable Tolling Does Not Apply

Mr. Brister's habeas petition was filed in November of 2022, over eighteen years after the judgment and commitment order was entered in Case No. CR-2004-1706. This is well beyond the applicable one-year limitations. Mr. Brister offers no facts or law to support equitable tolling.[1]

### B. Actual Innocence Does Not Apply

Mr. Brister asserts that the Court should consider his time-barred claims on the merits because he is actually innocent of Count 1. However, Mr. Brister was not convicted of Count 1. Additionally, his passing reference to "actual innocence" is insufficient to support a claim.[2] Mr. Brister offers no new evidence. Instead, he

---

[1] For equitable tolling, Mr. Brister must establish that (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[2] A convincing showing of actual innocence serves as a gateway, enabling a habeas petitioner to overcome a time bar under 28 U.S.C. § 2244(d)(1). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, a threshold showing of actual innocence requires new, credible evidence sufficient enough that no reasonable juror would have found the petitioner guilty beyond

focuses on the fact that the sentencing judge inadvertently said Count 1, rather than Count 2, when imposing the sentence. *Doc. 8-2*. However, the judgment and commitment controls, and that document properly referred to Counts 2 and 3.[3]

Mr. Brister's "actual innocence" assertion does not save his time-barred claims.

## IV.    Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Jeffery Brister's petition for writ of habeas corpus (*Doc. 1*) be dismissed.

Dated 5 June 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

a reasonable doubt. *Id.* A petitioner must support the allegations with "reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The actual-innocence standard is demanding. *McQuiggin*, 569 U.S. at 401. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *Id.* (quoting *Schlup*, 513 U.S. at 316).

[3] In the filed judgment and commitment order, the court lists sentences for Counts 2 and 3 (the correct counts of conviction) and writes "NP" (meaning, *nolle prossed*) for Counts 1 and 4. *Doc. 8-4*. "When there is a discrepancy between the sentencing order and the pronouncement of sentence, it is the sentencing order that controls." *Martinez v. State*, 2019 Ark. 85, 2, 569 S.W.3d 333, 335 (2019).